## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KERRI M. GIBSON,                              )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )          Case No. 06-1162-WEB
                                             )
MONA S. RANE, M.D., a/k/a                    )
MONA S. ANSARI, M.D.,                        )
                                             )
                    Defendant.               )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend her complaint to assert

claims against defendant for violating K.S.A. § 50-626 of the Kansas Consumer Protection

Act for deceptively altering and/or falsifying plaintiff's medical records.  (Doc. 55).

Defendant opposes the motion, arguing that the amendment would be futile.  For the reasons

set forth below, the motion to amend shall be GRANTED.

### Background

This lawsuit stems from events related to bilateral breast reduction surgery performed

by defendant on plaintiff in June 2004.  Highly summarized, plaintiff's original complaint

alleges that Dr. Rane (1) performed the surgery in a negligent and careless manner and (2)

misrepresented to plaintiff that defendant was board certified in plastic and reconstructive

surgery.  Plaintiff later learned of discrepancies in plaintiff's medical records and now seeks

leave to amend her complaint to allege that defendant purposefully altered or falsified

plaintiff's medical records in violation of the Kansas Consumer Protection Act.[1]

## Analysis

The standard for permitting a party to amend her complaint is well established.

Without an opposing party's consent, a party may amend her pleading only by leave of the

court.  Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when

justice so requires," whether to grant leave is within the court's discretion.  Panis v. Mission

Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934

F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful

of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather

than on mere technicalities."  Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989).

The court considers a number of factors in deciding whether to allow an amendment,

including untimeliness, prejudice to the other party, bad faith, and futility of amendment.

Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

---

[1]

Plaintiff candidly explains that her claim under the Kansas Consumer Protection
Act is an attempt to develop a claim separate and apart from medical malpractice where
the medical provider destroys or falsifies records after being advised of a potential
lawsuit.

[2]

A party may amend its pleading once as a matter of course before a responsive
pleading is filed.  The time for amending "as a matter of course" is long past.

Defendant contends that plaintiff's motion is futile because the amended allegations of deceptively altering and/or falsifying plaintiff's medical records are acts which are not covered by K.S.A. § 50-626.  Specifically, defendant argues that (1) the "deception" is not material, (2) plaintiff is not an "aggrieved" consumer, and (3) the creation of a medical record is not a consumer transaction.  Defendant also argues the Kansas legislature recently enacted H.B. 2451 which provides, in part:

> The Kansas Consumer Protection Act does not allow for a private cause of action or remedy against a licensed health care provider for causes of action for personal injury or death resulting, or alleged to have resulted from medical negligence.

As explained in greater detail below, defendant has not carried her burden of showing that the amendment is futile.

K.S.A. § 50-626(a), the Consumer Protection Act statute under which plaintiff seeks relief, provides:

> No supplier shall engage in *any* deceptive act or practice *in connection with* a consumer transaction.  (Emphasis added).

A "consumer transaction" is defined as "a sale, lease, assignment or other disposition for value of property or services within this state ... to a consumer."  K.S.A. § 50-624(b).

The issue of whether a physician's act of providing treatment constitutes a "consumer transaction" was recently resolved by the Kansas Supreme Court in Williamson v. Amrani, 283 Kan. 227, 152 P.3d 60 (2007)(KCPA encompasses medical care and treatment services).[3]

---

[3]

Defendant concedes that, "under Williamson, the act of a physician in providing treatment to a patient constitutes a 'consumer transaction.'" Doc. 57, p. 4.

Since medical treatment is recognized as a consumer transaction and plaintiff alleges that defendant engaged in a deceptive act (falsifying records) *in connection with* the consumer transaction, the court is not persuaded that the amendment would be futile.

The more difficult question is whether recently enacted legislation (H.B. 2451) leads to a different ruling concerning futility.  According to defendant, the legislation "took effect July 1, 2007" but it "has not yet been determined" whether the new law is retroactive.  Doc. 57, p. 5.  Although defendant mentions the new law, she argues that an interpretation of the new law is unnecessary.  Given defendant's lack of legal analysis concerning the new statute, the court declines to find the proposed amendment futile based on the recent enactment of H.B. 2451.[4]

The court also rejects defendant's arguments that (1) the modifications are not material and (2) that plaintiff is not an "aggrieved" consumer.  Whether or not the modifications are "material" involve factual issues which the court does not resolve in ruling on a motion to amend.[5]  Moreover, at least in the context of a motion to amend, plaintiff has shown that she is an "aggrieved" party.  Defendant's suggestion that a patient is not "aggrieved" by a doctor's willful destruction or falsification of medical records after a

---

[4]
    Plaintiff expressed the position during a status conference on July 27, 2007 that H.B. 2451 did not change the law and/or her motion to amend.  Under the circumstances, the court declines to analyze the new statute and its application in the context of a motion to amend.

[5]
    Defendant injects *her factual version* of the record discrepancies in opposing the motion to amend.  However, her fact allegations are not properly before the court.

specific request for such records is not supported by any persuasive legal authority. Because the court cannot conclude with legal certainty that the amendment is futile, the motion to amend shall be GRANTED.[6]

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 55**) is **GRANTED.** Plaintiff shall file and serve her amended complaint on or before **August 15, 2007.**[7]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 8th day of August 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[6]

The court finds it unnecessary to resolve the parties' alternative arguments as to whether the preparation of medical records is a "consumer transaction" unto itself and therefore subject to the KCPA.

[7]

The rulings herein are limited to the issue of whether defendant has carried her burden of showing that the amendment is futile. Defendant may refine and reassert any of the legal arguments raised in the briefing on this motion, in particular those concerning H.B. 2451 and the new statute's application to this case, in any future dispositive motion.